b

RECEIVED
DC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
2/3/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MANUEL DE JESUS MENENDEZ-SORIANO,      CIVIL ACTION
        Plaintiff                      NO. 1:14-CV-01613

VERSUS

I.C.E. ENFORCEMENT & REMOVAL,          JUDGE DEE D. DRELL
et al.,                                MAGISTRATE JUDGE JAMES D. KIRK
        Defendants

SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Manuel de Jesus Menendez-Soriano ("Menendez-Soriano"), a citizen and native of Guatemala (Doc. 1, Ex. p. 15/24) who is being detained by Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 18, 2014, contesting the denial of parole and his continued detention pending completion of his administrative proceedings pursuant to Demore v. Kim, 538 U.S. 510, 513, 123 S.Ct. 1708 (2003). Menendez-Soriano has been detained since he applied for admission at a port of entry in 2013 (Doc. 10, Affidavit p. 1).[1] Menendez-Soriano was ordered removed by an Immigration Judge, but the Board of Immigration Appeals reversed the decision and remanded Menendez-Soriano's case for reconsideration in light of a new Fifth Circuit decision (Doc. 10, p. 1).

---

[1] It appears from the affidavits attached to his petition that Menendez-Soriano was in the United States for many years prior to December 2013 (Doc. 1).

The Respondents filed a motion to dismiss the petition for writ of habeas corpus on October 28, 2014 (Doc. 10), and the undersigned recommended denial of that motion in a Report and Recommendation dated January 23, 2015 (Doc. 12).  The Respondents then filed another motion to dismiss on February 2, 2015 (Doc. 13), showing that Menendez-Soriano has been removed from the United States (Doc. 13).  Menendez-Soriano has not filed a response.

Respondents show, through an affidavit by Brian Gueringer, the Assistant Field Office Director of the United States Immigration and Customs Enforcement facility in Oakdale, Louisiana, and supporting documents, that Menemdez-Soriano was removed from the United States on December 23, 2014 pursuant to a December 2,2014 order of removal.

Since Menendez-Soriano has been removed and is no longer in ICE custody, he has achieved the sole relief requested in his habeas petition.  Therefore, Menendez-Soriano's habeas petition has been rendered moot and should be dismissed.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss (Doc. 13) be GRANTED and that Menendez-Soriano's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file

specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this**

Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 3rd day of February 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE